USDC SDNY
DOCUMENT ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 3-16-18

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| IGT, |
| --- |
| Plaintiff, |
| -against- |
| HIGH 5 GAMES, LLC |
| Defendant. |

17-CV-9792 (ALC)

**OPINION AND ORDER**

**ANDREW L. CARTER, JR., United States District Judge:**

Before this Court is Plaintiff's motion for a preliminary injunction enjoining Defendant from infringing on Section 9(f) of the parties' 2016 Settlement Agreement ("Settlement Agreement") through its use of the Golden Goddess, Cats, and DaVinci Diamonds trademarks. For the reasons that follow, Plaintiff's motion for injunctive relief is GRANTED.

## BACKGROUND

On December 26, 2017, Plaintiff filed a motion for a preliminary injunction based on alleged violations of Section 9(e) and 9(f) of the Settlement Agreement. ECF No. 9. Defendant filed a memorandum in opposition on January 16, 2018. ECF Nos. 33-35. This Court held a hearing on January 17, 2018. The Court denied Plaintiff's motion for a preliminary injunction based on the alleged violation of Section 9(e) and ordered supplemental briefing regarding the 9(f) allegations. *See* ECF No. 44.

Defendant filed its supplemental memorandum contesting the Section 9(f) allegations on January 24, 2018. ECF Nos. 45-46. Plaintiff filed its supplemental memorandum on January 31, 2018. ECF Nos. 57-58. Plaintiff simultaneously filed a First Amended Complaint, alleging *inter*

1

*alia* breaches of Section 9(f) with regard to another game: Da Vinci Diamonds. ECF No. 56. On February 13, 2018, this Court held a preliminary injunction hearing.

## LEGAL STANDARD

In order to prevail on a motion for a preliminary injunction, a plaintiff must show (1) likelihood of success on the merits; (2) irreparable injury in the absence of an injunction; (3) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (4) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (5) that the public interest would not be disserved by a preliminary injunction. *Salinger v. Colting*, 607 F.3d 68, 79-80 (2d Cir. 2010); *see also eBay, Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006).

## DISCUSSION

As an initial matter, because Plaintiff's claims regarding DaVinci Diamonds are closely related to its claims regarding Golden Goddess and Cats, this Court will also consider the DaVinci Diamond claims. *See Adair v. England*, 193 F. Supp. 2d 196, 200 (D.D.C. 2002) ("When the [preliminary injunction] motion is based on facts closely related to the facts in the complaint . . . the court may have jurisdiction to review a motion for preliminary relief . . . .").

### I. Likelihood of Success on the Merits

First, Plaintiff has demonstrated a likelihood of success on the merits. Because the 2016 Settlement Agreement superseded all previous agreements, the trademarks at issue were likely subject to Section 9(f). It is undisputed that Defendant did not submit a representative sample or mock-up of its expected usage of the Golden Goddess, Cats, or DaVinci Diamonds trademarks to Plaintiff as required under Section 9(f)(iii).

Further, Defendant has not shown that Plaintiff "knowingly, voluntarily and intentionally abandoned" Section 9(f). *See Kamco Supply Corp. v. On the Right Track, LLC*, 149 A.D.3d 275, 280 (N.Y. 2nd Dep't 2017) (quoting *Fundamental Portfolio Advisors, Inc. v. Tocqueville Asset Mgt., L.P.*, 7 N.Y.3d 96 (N.Y. 2006)). A waiver "should not be lightly presumed" and ordinarily "mere negligence, oversight, or thoughtlessness does not create a waiver." *Id.* (internal citations omitted).

Accordingly, Plaintiff will likely succeed in its claim that Defendant violated Section 9(f).

## II. Irreparable Harm

Second, Plaintiff has established irreparable harm. "To satisfy the irreparable harm requirement, Plaintiff[] must demonstrate that absent a preliminary injunction they will suffer 'an injury that is neither remote nor speculative, but actual and imminent,' and one that cannot be remedied 'if a court waits until the end of trial to resolve the harm.'" *Grand River Entr. Six Nations, Ltd. v. Pryor*, 481 F.3d 60, 66 (2d Cir. 2007) (quoting *Freedom Holdings, Inc. v. Spitzer*, 408 F.3d 112, 114 (2d Cir. 2005). Plaintiff has shown irreparable harm because the "mere possibility that defendant[] could during the interval until trial depart from [Plaintiff's quality standards] is sufficient to warrant the issuance of a preliminary injunction." *Church of Scientology Intern. v. Elmira Mission of the Church of Scientology*, 794 F.2d 38, 44 (2d Cir. 1986). Additionally, here "there is a threatened imminent loss that will be very difficult to quantify at trial." *Tom Doherty Associates, Inc. v. Saban Entertainment, Inc.*, 60 F.3d 27, 38 (2d Cir. 1995).

## III. Adequacies of Remedies at Law

Third, Plaintiff has shown that remedies at law are inadequate. The "contractual language declaring money damages inadequate in the event of a breach does not control the question whether preliminary injunctive relief is appropriate." *Baker's Aid, a Div. of M. Raubvogel Co., Inc. v. Hussmann Foodservice Co.*, 830 F.2d 13, 16 (2d Cir. 1987). However, because – as discussed above – the loss to Plaintiff will be difficult to quantify at trial, remedies at law cannot adequately compensate Plaintiff. *See U.S. Polo Ass'n, Inc. v. PRL USA Holdings, Inc.*, 800 F. Supp. 2d 515, 541 (S.D.N.Y. 2011).

## IV. Balance of Hardships

The equities weigh in Plaintiff's favor. "The only possible harm to Defendant is the loss of the chance to [promote an infringing game], but the law does not protect this type of hardship." *Warner Bros. Entertainment Inc. v. RDR Books*, 575 F. Supp. 2d 513, 553 (S.D.N.Y. 2008).

## V. Public Interest

Finally, granting injunctive relief would not disserve the public interest as "the public has an interest in not being deceived." *N.Y. City Triathalon, LLC v. NYC Triatholon Club, Inc.*, 704 F. Supp. 2d 305, 344 (S.D.N.Y. 2010).

Accordingly, Plaintiff's motion for injunctive relief is GRANTED.

4

SO ORDERED.

Dated: March 16, 2018

    New York, New York

**ANDREW L. CARTER, JR.**

**United States District Judge**