

4120 Main at North Hills Street
Suite 230
Raleigh, NC 27609
Phone: 984-219-3460
Fax: 984-538-0416
LBorchers@sagepat.com
www.sagepat.com

September 11, 2020

Hon. Judge Barbara Moses, U.S.M.J.
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re: *IGT v. High 5 Games, LLC*; Civil Action Nos.
1:17-cv-05752 ("*IGT I*") and 1:19-cv-05752 ("*IGT II*")

Dear Judge Moses,

The parties submit this Joint Status Report pursuant to the Court's August 28, 2020 Initial Case Management Order (ECF No. 186). The parties have met and conferred regarding IGT's proposed Rule 12(c) motions. High 5 Games ("H5G") has agreed to withdraw its Counterclaims Nos. 2, 3, and 5. However the parties were not able to resolve their dispute regarding H5G's Counterclaim No. 1 for Breach of Contract. The parties' positions are set forth below:

**IGT's Position**

IGT believes that H5G's Counterclaim No. 1 for Breach of Contract *IGT II* should be dismissed with prejudice because it is duplicative of its pending Counterclaim No. 1 for Breach of Contract in *IGT I*. *See Clement v. Farmington Cas. Co.*, No. 13-cv-1026 (NSR), at *14 (S.D.N.Y. Nov. 10, 2015) (dismissing duplicative claims under Rule 12(c)). There are no new facts in H5G's duplicative counterclaim that would give rise to a new, independent cause of action.

H5G's pending Counterclaim 1 in *IGT I* alleges that IGT unreasonably withheld its approval of H5G's submissions under Section 9(f) of the parties' Settlement Agreement for certain trademark uses by H5G. The submissions at issue in *IGT I* were all received by IGT between March 22, 2018, and April 18, 2018, more than two years ago. Since then, IGT has not received any request for approval from H5G under Section 9(f) for any use of any trademark.

When H5G submits a "representative sample or mock up of the expected usage," IGT's obligation under Section 9(f) is that approval is "not to be unreasonably withheld." H5G has not

submitted any new representative samples or mock ups of the expected usage to which this new counterclaim would apply. In the absence of a new submission by H5G under Section 9(f), there cannot be any factual basis for a new counterclaim; IGT cannot grant or withhold approval of a non-existent request.

During the parties' meet and confer, in response to IGT's position, H5G stated that it is relying on paragraph 105 of its Answer and Counterclaim (*IGT II*, Dkt. No. 45), which states, in full:

> IGT's repeated demand to cease and desist the use of various trademarks and copyrighted works that are properly used by H5G pursuant to the Settlement Agreement is a material breach of the agreed-to Settlement Agreement.

This allegation is entirely insufficient to sustain H5G's counterclaim. This paragraph does not refer to any obligation imposed on IGT under the Settlement Agreement, let alone any allegation that IGT has breached such obligation. More to the point, however, it does not contain any new facts that could sustain a new, independent cause of action. H5G's counterclaim in *IGT II* is entirely duplicative of its counterclaim in *IGT I,* and IGT requests leave to file a motion under Rules 12(c) and/or 56 on H5G's Counterclaim 1 in *IGT II*.

## H5G's Position

IGT's argument appears to be that H5G's Breach of Contract counterclaim in *IGT II* is duplicative of its Breach of Contract counterclaim in *IGT I*. Importantly, IGT does not argue that the counterclaim in this separately filed action lacks merit – but simply that it is duplicative. Not only is the case on which IGT relies misplaced and irrelevant, but IGT chose to file this second, separate action, with specific allegations as to certain alleged trademark infringement, yet now wants to maintain this second action, while objecting to H5G asserting the relevant, necessary counterclaim of Breach of Contract.

The basis for IGT's position speaks only to part of the basis for the requisite counterclaim. IGT posits: *"H5G has not submitted any new representative samples or mock ups of the expected usage to which this new counterclaim would apply. In the absence of a new submission by H5G under Section 9(f), there cannot be any factual basis for a new counterclaim; IGT cannot grant or withhold approval of a non-existent request."*

However, as previously alleged by H5G in H5G's Answer in *IGT II* (Docket 1:19-cv-5727, Doc. No. 45) and as set forth in H5G's Memorandum of Law in Opposition to IGT's Motion to Dismiss H5G's Counterclaims in *IGT I* (Docket 1:17-cv-9792, Doc. No. 163), H5G was not required to submit representative samples of its expected usage of the trademarks at issue pursuant to Section 9(f) of the Settlement Agreement because these trademarks were already being used in commerce by H5G in an identical, or near identical manner, prior to the execution of the Settlement Agreement.

Importantly, what forms a basis of this necessary counterclaim in IGT's second filed action, *IGT II*, is IGT's demand to cease and desist the use of various trademarks and copyrighted works that are properly used by H5G pursuant to the Settlement Agreement. In doing so, IGT has materially breached the Settlement Agreement. Moreover, and as set forth in its Answer in *IGT II*, this breach extends to the mere filing of IGT's Complaint in *IGT II* and its prior Motion for a Preliminary Injunction in *IGT II*, both which constitute a breach of the parties' Settlement Agreement that are distinct from IGT's breaches of the Settlement Agreement alleged by H5G in *IGT I*. See, *H5G Answer in IGT II, Doc. No. 45, Paragraph 111* ("Therefore, by filing the instant Complaint, as well as the Motion for a Preliminary Injunction in the instant 2019 Action … IGT is impeding and preventing H5G's enjoyment of the licenses and benefits negotiated within the Settlement Agreement."). Therefore, H5G has indeed pled additional facts in support of its Breach of Contract counterclaim in *IGT II* that are distinct from its Breach of Contract counterclaim in *IGT I*.

Moreover, as noted above, IGT's reliance on Clement v. Farmington Cas. Co., is not applicable. In the *Clement* case, the defendant moved for judgment on the pleadings of the plaintiffs' amended complaint, which motion was granted by the Court because the plaintiffs' claims for equitable estoppel, bad faith, and fraud were duplicative of the plaintiffs' breach of contract claim (which was also barred by the statute of limitations). *See generally*, Clement v. Farmington Cas. Co., 2015 U.S. Dist. LEXIS 152221 (S.D.N.Y. Nov. 10, 2015). Conversely, here, H5G's Breach of Contract counterclaim in *IGT II* is separate and distinguishable from H5G's Breach of Contract counterclaim in *IGT I* because the counterclaims are asserted in two separate Answers to two separate Complaints and plead, in part, different bases for the counterclaim based on the different allegations of infringement.

Notwithstanding the foregoing, IGT's argument that H5G's Breach of Contract counterclaim in *IGT I* and *IGT II* is duplicative is self-contradicting. In its newer action, *IGT II*, IGT alleges infringement on two trademarks (Da Vinci Diamonds and Tumbling Reels), as well as infringement on the copyrighted artwork contained in the Da Vinci Diamonds game. In *IGT I*, IGT alleges infringement on over 100 trademarks (including Da Vinci Diamonds and Tumbling Reels), as well as infringement on the copyrighted artwork contained in many of IGT's games (including Da Vinci Diamonds). It is nonsensical that IGT wants to allege the same trademark and copyrighted artwork infringement in *IGT II*, yet objects to the responsive counterclaim in this separately filed action, which Judge Carter, U.S.D.J. already ruled was permissible based on the allegations.

Judge Carter already decided that H5G had pled facts that, if accepted as true, are sufficient to prove each element of H5G's Breach of Contract counterclaim as to the 100+ trademarks at issue in *IGT I* (which includes claims for infringement on the same trademarks and copyrighted artwork at issue in *IGT II*). Thus, as long as IGT maintains its claims as set forth in *IGT II*, H5G's Breach of Contract counterclaim is appropriate and IGT's proposed Fed.R.Civ.P 12(c) motion is futile and should not be permitted.

Your Honor's attention to this matter is greatly appreciated.

Sincerely,

Lynne A. Borchers *(for Plaintiff IGT)*
*/s/ Lynne A Borchers*


Margot N. Wilensky *(for Defendant H5G)*
*/s/ Margot N. Wilensky*

cc: Counsel of Record