USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/18/20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IGT,

Plaintiff(s),

-against-

HIGH 5 GAMES, LLC,

Defendant(s).

1:17-cv-09792
1:19-cv-05752

**ESI PROTOCOL**

**BARBARA MOSES, United States Magistrate Judge.**

The Court having found that good cause exists for issuance of an appropriately tailored protocol governing the production of Electronically Stored Information in this action, and the parties having stipulated to the following provisions, it is hereby ORDERED that the parties shall adhere to the following terms:

    1.    **General Production Format**

The parties agree that, subject to the exceptions noted below, all documents, whether stored as paper or ESI, will be produced by both parties as single-page, black & white TIFF files (or in .JPG high quality format for color images, for document types that parties agree to produce in color) along with corresponding metadata, as further described herein. A party may request that a document produced in black & white be re-produced in color, if applicable, and such a request shall not be unreasonably denied. The parties agree that the production will also include corresponding multi-page extracted OCR text files and Relativity load files. For such documents that are not text-extractable or are stored as paper, the text will be generated from an OCR process. For such documents maintained as ESI, the text will be extracted from the native file.

1

2.  **Spreadsheets and Audio or Video Files**

The parties agree to produce spreadsheet documents that are presently maintained in native format (e.g., Microsoft Excel) in that format and a corresponding document level text file, except where the spreadsheet requires redaction, in which case, it may be produced as a redacted TIFF file. To the extent applicable pursuant to Section B.3, the parties also agree to produce audio and video files that are presently maintained in native format in that format. When a document or file is produced in native format, a placeholder TIFF file will be provided stating that the document or file has been produced in native format and identifying the Bates number of the document or file. If any documents produced in native format are printed, in whole or in part, for any reason, the party making the printout shall affix to every page of the printout the bates number associated with the document and any applicable confidentiality designations.

3.  **Presentation Files**

The parties agree to produce presentation files (e.g., Microsoft PowerPoint) to include, if they are present, hidden slides and speaker's notes by imaging in a way that both the slide and speaker's notes display on the TIFF image.

4.  **Engineering or Design Files**

The parties will use reasonable efforts to produce electronic data that is not easily converted to TIFF images, such as databases, CAD drawings, 3D renderings, or files requiring specialized viewing software,. A party may request that such a document that does not convert to a TIFF image be produced in a usable format, and such a request shall not be unreasonably denied. The parties will meet and confer to discuss the production of non-traditional ESI game files and propose additional protocols if necessary, if such issues arise at a later date.

5.   **Reservation Regarding Native Versions**

If a party reasonably believes it necessary to obtain native versions of specific documents produced by the other party, that party may request the native file. Agreement to produce a native file will not be unreasonably withheld.

6.   **Metadata**

The parties agree that the mutual productions, with the exception of redacted documents, should include a load file with the following "metadata" fields:

| Field Name | Field Description | File Type |
| --- | --- | --- |
| BegBates | Beginning production number for a given file/document. | All |
| EndBates | Ending production number for a given file/document. | All |
| BegAttach | Production number of first page of parent. | All |
| EndAttach | Production number of last page of last attachment. | All |
| Custodian | The custodian(s) from whom the documents were collected, to the extent such information is available. | All |
| Confidentiality | Any confidentiality designation assigned by the producing party to the document. | All |
| Author | Author of the document, to the extent such information is available. | All |
| Doc_Ext | Document's file extension (*e.g.* .pdf, .doc, .docx, .xls, .xlsx, .txt, .ppt, .pptx). | Electronic documents |
| DateMod | Last date document modified. | Electronic documents |
| DateCreated | Date document created. | Electronic documents |
| OCRPath | Path to text data for document. | All |

| | | |
|---|---|---|
| Redact | Indicates whether there are any redactions assigned by the producing party to the document (yes/no field). | All |
| Native_Link | Link to native document, if document produced in native format. | Documents produced in native format |
| Filename | Name of underlying file. | Electronic |
| **Field Name** | **Field Description** | **File Type** |
| From | Sender | Email |
| To | Recipient(s) | Email |
| CC | Carbon copy recipient(s) | Email |
| BCC | Blind carbon copy recipient(s) | Email |
| Subject | Subject line of the email | Email |
| Date Sent | MM/DD/YYYY | Email |
| Time Sent | HH:MM:SS | Email |
| Parent Document ID | Populated only for email attachments; this field will display the image tag field value for the attachment's parent email. | Email |

Furthermore, the parties acknowledge that certain documents may not have data in all metadata fields. For example, scanned paper documents may only have metadata related to their production in the litigation and some types of ESI may be archived without metadata. Therefore, the parties agree that existing metadata, available to the producing party, will be produced in accordance with this Protocol, but there is no duty to create metadata for purposes of this litigation.

    **7.    Production Media**

Documents and ESI shall be produced on optical media (CD or DVD), external hard drives, or via an FTP site, or similar, readily accessible electronic media (the "Production Media"). Each piece

4

of Production Media shall identify (1) the producing party; (2) the range of Bates numbers included in the production; (3) the date of the production; (4) a production number (e.g., "[Defendant Party] 001", "[Plaintiff Party] 001"); (4) the volume of the production, if required (e.g., "- 001", "-002").  For example, if the first production from a Party comprises document images on three hard drives, the Party shall label each hard drive in the following manner: "[Party Name] 001-001", "[Party Name] 001-002", and "[Party Name] 001-003."

## 8. Encryption

Industry-standard encryption tools and practices must be used when transferring data between parties.

## 9. Database Querying

To the extent that ESI is not accessible without querying a database (e.g., such as an Oracle database), the parties agree to query the database for discoverable information, resulting in a report or a reasonably usable and exportable electronic file for review by the requesting counsel or party.  To the extent a party is aware that discoverable ESI is stored in a database or database management system and is not accessible, that party is obligated to disclose that fact.

## 10. Parent-Child Relationships

Parent-child relationships (the association between an attachment and its parent document) must reasonably be preserved in such a way that a document and any attachments to that document are produced in the same production set and the relationships identifiable.

## 11. Deduplication and deNISTing

Pursuant to Section 2.05, the parties agree that they are only required to produce a single copy of a responsive document and each party may deduplicate responsive ESI (based on MD5 or SHA1 hash values at the document level) across custodians.  For emails with attachments, the hash value is generated based on the parent-child document grouping. However, metadata identifying all custodians

in possession of each document that is removed as a duplicate must be produced in a "OTHER_CUSTODIAN" field (or similar) in the production load file. If applicable, the parties agree to remove system files through deNISTing. The parties agree to discuss if there are any other file formats that will be relevant.

12. **Email Threading**

The parties agree that they may use software to identify email threads for potential suppression. The parties agree to meet and confer regarding the suppression of lesser inclusive email threads prior to the commencement of document review. Further, if the parties agree to suppression of lesser inclusive email threads from document review and/or production, the parties will be required to maintain all parent child relationships (i.e., if a lesser inclusive email has attachments that are not part of the more inclusive email, then the lesser inclusive email and attachments must be produced in their entirety).

13. **Password Protected Files**

The parties will make reasonable efforts to identify any potentially relevant ESI that is password protected or encrypted and undertake to remove those passwords in order for the documents to be searched and/or reviewed. If a party's efforts are unsuccessful, that party shall identify the file(s) (by file name and custodian) and the parties should meet and confer to discuss next steps, if any. The parties are not required to provide information on passwords obtained or the manner with which password-protected or encrypted files were made accessible.

14. **Discoverability, Claims of Privilege, or Other Preservation Obligations**

By preserving information for the purpose of this litigation, the parties are not conceding that such material is discoverable, nor are they waiving any claim of privilege. Nothing in this Protocol shall be interpreted to require the disclosure of irrelevant information. The parties do not waive any objections to the production, discoverability, admissibility, or confidentiality of documents and ESI

except as expressly provided herein. In addition, nothing in this Protocol shall eliminate or alter any party's obligation to retain native format copies, including associated metadata, of all documents produced in this litigation, together with the original hard copy documents for all paper discovery produced in this litigation.

### 15. Authentication

Each party stipulates to a presumption of authenticity for electronic documents produced from its own servers or custodians, when such documents appear to have been authored, generated, or prepared by that party or one of that party's employees or agents. The producing party bears the burden of coming forward with evidence to demonstrate the lack of authenticity of any of its own documents, and the parties agree to meet and confer in good faith regarding any authentication issues relating to documents presumed to be authentic under this provision.

### 16. Foreign Language Documents

All documents shall be produced in their original language. Where a requested document exists in a foreign language and the producing party also has an English-language version of that document that it prepared for non-litigation purposes prior to filing of the lawsuit, the producing party shall produce both the original document and all English-language versions. In addition, if the producing party has a certified translation of a foreign-language document that is being produced (whether or not the translation is prepared for purposes of litigation), the producing party shall produce both the original document and the certified translation. Thus, at this time, nothing in this agreement shall require a producing party to prepare a translation, certified or otherwise, for foreign language documents that are produced in discovery. In the event that a dispute arises over discovery of foreign language documents, the parties agree to cooperate and participate in good faith in a meet and confer.

17. **Costs of Document Production**

Unless either Party so moves and the Court orders otherwise, including pursuant to 28 U.S.C. § 1920, each party shall bear the costs of preserving, collecting, processing, reviewing, and producing its own documents and ESI. The parties' agreement as to the form of production of ESI shall not be construed as an agreement that the costs of that production are recoverable pursuant to 28 U.S.C. § 1920 if they would otherwise not be recoverable in the absence of such agreement.

**SO STIPULATED.**

For Plaintiff:

Signed: *Peter D. Siddoway*
**Sage Patent Group**
Dated: September 16, 2020

For Defendant:

Signed: *Margot N. Wilensky*
**Connell Foley LLP**
Dated: September 16, 2020

**SO ORDERED.**

Dated: September __18__, 2020

_____
Barbara Moses, U.S.M.J.