

Connell Foley LLP
888 Seventh Avenue
9th Floor
New York, NY 10106
P 212.307.3700   F 212.262.0050

**Margot N. Wilensky**
Partner
Direct Dial 212.307.3713
MWilensky@connellfoley.com

November 16, 2020

**VIA ELECTRONIC FILING**
The Honorable Barbara Moses, U.S.M.J.
United States District Court
Southern District of New York
500 Pearl Street, Room 740
New York, New York 10007

      Re:    *IGT v. High 5 Games, LLC*
                Docket Nos.: 1:17-cv-9792; 1:19-cv-5752

Dear Judge Moses:

      This firm represents Defendant, High 5 Games, LLC ("H5G"). Pursuant to Your Honor's August 28, 2020 Initial Case Management Order, the parties submit this letter outlining the progress of discovery to date and settlement efforts.

**IGT's Position**

      *Discovery:* The parties have served initial discovery requests and both parties have served written responses. IGT has begun producing documents in responses to H5G's requests, although its production is not yet complete. H5G has not yet produced any documents, although H5G has unilaterally proposed to make available for inspection certain electronic Game files, in lieu of producing documents. The parties have not yet met and conferred regarding whether an inspection is in fact the most efficient way for such files to be reviewed, particularly given the current difficulties of travel, social distancing, and the fact that these files are ESI.

      Below, H5G includes a section of "issues with IGT's discovery responses." This letter is the first place that H5G has raised any such issues, but it has not included sufficient detail for IGT to respond. IGT is willing to meet and confer with H5G regarding any complaints it may have.

      H5G also includes a section regarding IGT's discovery requests of H5G. IGT acknowledges that H5G complained to IGT citing Local Rule 33, although IGT maintains its interrogatories were proper. However, as H5G indicates, this issue was resolved between the

parties and H5G served its objections and responses.  H5G also recites in their statement below several objections to IGT's document requests.  H5G has served its objections to IGT's document requests, and IGT is in the process of determining which objections and responses it needs to raise with H5G in a meet and confer.

In general, IGT takes issue with any suggestion from H5G that it has not met its discovery obligations or been reasonable in resolving disputes.  IGT has served proper discovery requests, has properly responded to H5G's discovery requests, and has reasonably engaged in meet and confers with H5G.  Now that the parties have served written discovery responses, it is clear that a significant number of issues must be addressed in additional meet and confers.

*Settlement:* Ms. Cenar, counsel for H5G, has spoken directly with in-house counsel for IGT regarding settlement.  These discussions were put on hold on October 16, 2020, when H5G's CEO initiated a discussion via e-mail with a business counterpart at IGT, Mr. Todd Nash, requesting to discuss settlement.  However, such a meeting has not yet been arranged as IGT is waiting to hear from H5G's CEO as to availability.   IGT remains willing to discuss settlement, although no significant progress has been made thus far.

IGT disagrees with H5G's characterization of these events, and particularly disagrees with H5G's statement that IGT's continuing to meet its deadlines in this case indicates that it does not have a continuing interest in settlement.  This is simply incorrect.

*H5G's Counsel at Trial:* One issue remains outstanding between the parties and, after much discussion, has not been resolved.  Mr. Jon Fallon is counsel of record for H5G.  H5G has also named him as one of two fact witness in its initial disclosures.  In view of this, IGT believes that Mr. Fallon should be disqualified from serving as counsel for H5G at trial.  During a telephonic meet-and-confer, Mr. Fallon stated he expected to withdraw as counsel prior to trial, but H5G would only make such assurances orally, and only in equivocal language.  In the absence of a definitive, written commitment by Mr. Fallon and H5G, IGT believes that the issue is ripe for resolution.  IGT seeks guidance on how this issue should be presented to the Court.

**H5G's Position**

*Discovery*

*Issues with IGT's Discovery Responses*

With regard to the progress of discovery, H5G has now received various documents from IGT in response to H5G's Request for the Production of Documents, but only a fraction of what it has agreed to produce.  However, IGT objects to producing a number of documents for which they assert objections, and/or are asserting attorney client privilege as a basis to withhold documents,

when based on the positions asserted in the case the, privilege has been waived or the objections to producing are without merit.

With regard to IGT's interrogatory responses, these responses are also in large part incomplete and deficient in large part due to the objections set forth by IGT.

With regard to Requests for Admissions, IGT also raised numerous objections to and/or failed to concisely respond to requests for admissions as it is required under the Rules.

IGT complains that it is the first it is hearing of H5G's concerns, but H5G disagrees and it needs more detail.

The parties have agreed to meet and confer on the issues raised by H5G, and H5G will continue to illustrate the underlying basis for its concern with IGT before bringing the matter before the court. If the parties are unable to reach a resolution H5G will submit a letter to the Court outlining the deficiencies of IGT's discovery responses and requesting a further conference.

### *IGT Discovery Demands on H5G*

IGT served interrogatories that did not comply with Local Rule 33.3(a). Specifically, these Initial Interrogatories sought information far beyond the names of witness, the computation of damages, and the existence and location of relevant documents. We advised IGT of this non-compliance with the Local Rules and this Court's Order, but IGT refused to withdraw the improper interrogatories. The parties conferred at length about the discovery issues, and while H5G maintains its objections, in the interest of efficiency, H5G nonetheless provided initial responses to each interrogatory.

IGT served requests for documents seeking to simply have reproduced back to IGT, numerous documents, many of which it already has in its possession. IGT has also sought documents that appear disproportionate to the needs of the case. IGT has essentially asked for every underlying artwork and graphic game file for numerous, which H5G agreed to make available for inspection at a date and location appropriately socially distanced (or under some other agreed to protocol between counsel given the issues pertaining to the pandemic) the underlying artwork and graphic files, as that is the reasonable means to achieve the demanded inspection.

### *Settlement*

With regard to settlement negotiations, counsel for H5G, Kara Cenar and Associate General Counsel of IGT, Stephen Calogero, have met and conferred, to no avail. While IGT proposed settlement terms on October 7, 2020, H5G counsel had questions regarding the proposal and there has been no further response from IGT in response to H5G's letter regarding the proposed terms. H5G counsel remains open to continuing settlement discussions.

IGT also changed its approach to working with counsel on the Settlement discussions and sought instead (without successful engagement to date) to initiate discussion with businesspersons at H5G.  IGT references an interaction with H5G CEO and indicates that it is waiting to hear from H5G CEO on scheduling.  However, IGT's reference to these exchanges are misplaced as to settlement, as that was not the context of the CEO's outreach.

IGT moved forward with discovery, claiming that its Interrogatories were appropriate, which H5G disputes, and Motion Practice, indicating that at least for now IGT does not have a continuing interest in settlement.  Accordingly, there are no active settlement discussions.

If IGT has an interest in settlement, as it indicates above, H5G counsel is prepared to move forward when the response to H5G'sd counsel's letter regarding settlement is received.

*IGT Request for withdrawal of H5G Counsel*

This appears to be outside the scope of the Court's order requesting only a status on discovery and settlement.

H5G has been requested by IGT to have its General Counsel, Jon Fallon, withdraw his appearance as trial counsel for H5G.  H5G has engaged outside trial counsel who have been admitted *pro hac vice* and who recently filed appearances.  IGT has been given assurances that Mr. Fallon will not be acting as trial counsel when and if this case reaches trial.  IGT's demands are intended to interfere with a smooth transition for new counsel, and do not appear to be necessary at this pre-trial juncture, given that H5G has had outside trial counsel appear of record.

H5G will be filing its response to IGT's Motion for Judgment on the Pleadings on November 19, 2020.  IGT's Reply is due December 1, 2020.  In view of the arguments and latest contract interpretation raised therein H5G may be seeking leave to reinstate certain counterclaims that H5G was previously agreeable to withdraw in view of the Court's ruling in the 2017 case.

We look forward to discussing these matters further at the upcoming Status Conference on November 23, 2020 at 10:00 a.m.

Respectfully submitted,

| Counsel for IGT: | Counsel for H5G: |
|---|---|
| *[signature]* | *[signature]* |
| Peter D. Siddoway | Margot N. Wilensky |

5689998-2