USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/12/21

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IGT,

       Plaintiff(s),

-against-

High 5 Games ,

       Defendant(s).

17-CV-9792 (ALC) (BCM)

~~STIPULATED~~ PROTECTIVE ORDER

IGT ,

       Plaintiff(s),

-against-

High 5 Games ,

       Defendant(s).

19-CV-5752  (ALC) (BCM)

~~STIPULATED~~ PROTECTIVE ORDER

**BARBARA MOSES, United States Magistrate Judge.**

The Court having found that good cause exists for issuance of an appropriately tailored confidentiality order governing the pre-trial phase of this action, a~~nd the parties having stipulated to the following provisions,~~ it is hereby ORDERED that any person subject to this Order – including without limitation the parties to this action, their attorneys, representatives, agents, experts and consultants, acting as such, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order shall adhere to the following terms, upon pain of contempt:

**Discovery Materials May Be Designated as Confidential**

    1.    Any person subject to this Order who receives from any other person any "Discovery Material" (*i.e.*, information of any kind provided in the course of discovery in this

1

action) that is designated as "Confidential," "Highly Confidential," or "Highly Confidential Restricted" pursuant to the terms of this Order shall not disclose such designated material to anyone else except as expressly permitted hereunder.

2. **Confidential:** The person producing Discovery Material may designate as "Confidential" any Document or portion thereof that contains non-public business, commercial, financial, or personal information, the public disclosure of which is either restricted by law or would likely, in the good faith opinion of the producing person, seriously harm the producing person's business, commercial, financial, or personal interests or cause the producing person to violate his, her, or its privacy or confidentiality obligations to others. Where the confidential portion is reasonably separable from the non- confidential portion, via redaction or otherwise, only the confidential portion shall be so designated.

3. **Highly Confidential:** The person producing Discovery Material may designate as "Highly Confidential" any Document or portion thereof that contains non-public game or game placement information, non-public strategy or competitive information, a Party's confidential communications with its customers, a Party's financial information (i.e., revenue, cost, profit, or apportionment information), the disclosure of which to a Party is either restricted by law or would likely, in the good faith opinion of the producing person, seriously harm the producing person's business, commercial, financial, or personal interests or cause the producing person to violate his, her, or its privacy or confidentiality obligations to others. Where a Highly Confidential portion is reasonably separable from Confidential or non-confidential portions, via redaction or otherwise, only the Highly Confidential portion shall be so designated.

4. **Highly Confidential Restricted:** The person Producing Discovery Materials may, in limited circumstances, designate as "Highly Confidential Restricted" any portion thereof that contains extraordinarily sensitive competitive information that would provide the opposing side a competitive advantage if their one in-house representative had access. Where a Highly Confidential Restricted portion is reasonably separable from Highly Confidential, Confidential or non-confidential portions, via redaction or otherwise, only the Highly Confidential Restricted portion shall be so designated. It is expected that these types of redactions be very limited and should be designated as "Highly Confidential-Restricted". The Producing Party will (1) produce the complete document to outside counsel designated as "Highly Confidential Restricted" and (2) produce a redacted version of the document designated as "Highly Confidential." If a Party believes that the redacted portion is necessary to disclose to its In-House Counsel Representative for purposes of the Litigations, the Parties may present the Highly Confidential Restricted and redacted Highly Confidential documents to the Court for in-camera inspection and resolution of the dispute.

5. This Order is not intended to change a publicly available document from a non-confidential document to a confidential document by mere designation by the Producing Party. If a Party can show that a designated document is not as designated by the Producing Party, the independently obtained information will not have the restrictions of this Order, and the Designating Party shall promptly but no longer than 5 business days redesignate the version produced.. In addition, the producing person shall provide each other party with replacement versions of such Discovery Material that bears the appropriate designation.

6. With respect to the confidential portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential," "Highly Confidential," or "Highly Confidential Restricted" by stamping or otherwise clearly marking with the appropriate designation the document or protected portion in a manner that will not interfere with legibility or audibility. Deposition testimony may be designated under this Protective Order either on the record during the deposition or in writing within five (5) business days of receipt of the witnesses corrections/signature of the transcript. If so designated, the final transcript of the designated testimony shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" by the reporter.

7. If at any time prior to the trial of this action, a producing person realizes that some portion of Discovery Material that that person previously produced without limitation should be designated as "Confidential," "Highly Confidential" or "Highly Confidential Restricted" the producing person may so designate that portion by promptly notifying all parties in writing. Such designated portion of the Discovery Material will thereafter be treated as designated under the terms of this Order. In addition, the producing person shall provide each other party with replacement versions of such Discovery Material that bears the appropriate designation within two (2) business days of providing such notice.

**Who May Receive Confidential Materials**

8. No person subject to this Order, other than the producing person, shall disclose any Discovery Material designated as Confidential to any other person whomsoever, except to:

4

(a) the parties to this action, including but not limited to in-house counsel representative - for H5G it shall be Jon Fallon, for IGT it shall be Laurie Manfra;

(b) counsel retained specifically for this action, including any paralegal, clerical or other assistant employed by such counsel and assigned specifically to work on this action;

(c) as to any document, its author, its addressee, and any other person shown on the face of the document as having received a copy;

(d) any party witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed hereto.

(e) any person retained by a party to serve as an expert witness or consultant or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed hereto;

(f) stenographers and video technicians engaged to transcribe or record depositions conducted in this action;

(g) independent photocopying, graphic production services, or other litigation support services employed by the parties or their counsel to assist in this action, including computer service personnel performing duties in relation to a computerized litigation system;

(h) the Court and its staff; and

(i) any other person whom the producing person, or other person designating the Discovery Material "Confidential," agrees in writing may have access to

5

such Confidential Discovery Material, or as ordered by the Court.

(j)   Third Party Fact Witnesses may only be provided with access by 8(i) or by further order of the Court;

9.  No person subject to this Order, other than the producing person, shall disclose any Discovery Material designated as Highly Confidential to any other person whomsoever, except to:

(a)   outside counsel retained specifically for this action, including any paralegal, clerical or other assistant employed by such outside counsel and assigned specifically to work on this action;

(b)   one in-house Counsel representative for each Party. For H5G it shall be Jon Fallon. For IGT it shall be Laurie Manfra.

(c)   as to any document, its author, its addressee, and any other person shown on the face of the document as having received a copy;

(d)   any person not employed by a Party that is retained by a Party to serve as a third-party expert witness, consultant, trial consultant, or jury consultant or otherwise provide specialized advice to outside counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed hereto;

(e)   stenographers and video technicians engaged to transcribe or record depositions conducted in this action;

(f)   independent photocopying, graphic production services, or other litigation support services employed by the parties or their counsel to assist in this action, including computer service personnel performing duties in relation to a computerized litigation system;

6

(g) the Court and its staff; and

(h) any other person whom the producing person, or other person designating the Discovery Material "Highly Confidential" agrees in writing may have access to such material, or as ordered by the Court.

(i) Third Party Fact Witnesses or Party Expert Witnesses may only be provided with access by 9(h) or by further order of the Court;

10. No person subject to this Order, other than the producing person, shall disclose any Discovery Material designated as Highly Confidential Restricted to any other person whomsoever, except to:

(a) outside counsel retained specifically for this action, including any paralegal, clerical or other assistant employed by such outside counsel and assigned specifically to work on this action;

(b) as to any document, its author, its addressee, and any other person shown on the face of the document as having received a copy;

(c) any person not employed by a Party that is retained by a Party to serve as a third-party expert witness, consultant trial consultant, or jury consultant or otherwise provide specialized advice  to outside counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed hereto;

(d) stenographers and video technicians engaged to transcribe or record depositions conducted in this action;

(e) independent photocopying, graphic production services, or other litigation support services employed by the parties or their counsel to assist in this

7

action, including computer service personnel performing duties in relation to a computerized litigation system;

(f) the Court and its staff; and

(g) any other person whom the producing person, or other person designating the Discovery Material "Highly Confidential Restricted" agrees in writing may have access to such material, or as ordered by the Court.

(h) Third Party Witnesses or Party Expert Witnesses may only be provided with access by 10(g) or by further order of the Court;

11. Prior to the disclosure of any Confidential, Highly Confidential, or Highly Confidential Restricted Discovery Material to any person referred to in subparagraphs 8(d), 8(e), 8(i), 8(j), 9(d), 9(h), 9(i), or 10(c), 10(g), 10(h) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement, in the form annexed hereto, stating that that person has read this Order and agrees to be bound by its terms. Counsel shall retain each signed Non- Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

**Filing Confidential Materials in this Action**

12. Any person who either objects to any designation of confidentiality, or who, by contrast, requests still further limits on disclosure, may at any time prior to the trial of this action serve upon the designating person and all other parties a written notice

8

stating with particularity the grounds of the objection or request. If agreement cannot be reached promptly, counsel for all affected persons shall request a joint telephone call with the Court to obtain a ruling.

13. Notwithstanding the designation of material under this Protective Order during discovery, there is no presumption that such designated material will be filed with the Court under seal. The parties shall follow § 3 of Judge Moses's Individual Practices with respect to pretrial requests for filing under seal.

14. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such material was previously designated under this Protective Order or sealed during pretrial proceedings.

15. Each person who has access to material designated under this Protective Order shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

**Inadvertent Disclosure of Privileged Materials**

16. If, in connection with this litigation, and despite having taken reasonable steps to prevent the disclosure of information that it claims is subject to a claim of attorney-client privilege or attorney work product, a producing person inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), such disclosure, in itself, shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

17. If a disclosing person makes a claim of inadvertent disclosure, all receiving persons

9

shall, within five (5) business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed.

18. Within five (5) business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing person shall produce a privilege log with respect to the Inadvertently Disclosed Information.

19. If a receiving person thereafter moves the Court for an order compelling production of the Inadvertently Disclosed Information, that motion shall be filed under seal, and shall not assert as a ground for entering such an order the mere fact of the inadvertent production. The disclosing person retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Order shall limit the right of any party to request an *in camera* review of the Inadvertently Disclosed Information.

**Termination of the Litigation**

20. This Protective Order shall survive the termination of the litigation. Within 90 days of the final disposition of this action by settlement or final appeal, all material designated under this Protective Order and all copies thereof, shall be destroyed except for the following: To the extent such materials are part of pleadings, trial exhibits, deposition transcripts or exhibits, and/or work product of the attorneys, outside counsel may keep such files after the final disposition of this case, as long as they are kept confidential and secure, subject to the same level of protection against disclosure as outlined herein.

21. During the pendency of this case only, this Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations

1

arising hereunder or to impose sanctions for any contempt thereof.

Dated: April 12, 2021

_____
**BARBARA MOSES**
**United States Magistrate Judge**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____,

        Plaintiff(s),

-against-

_____,

        Defendant(s).

___-CV-_____(____) (BCM)

**NON-DISCLOSURE AGREEMENT**

    I, _____[print name], acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential, Highly Confidential, or Highly Confidential Restricted. I agree that I will not disclose such designated material to anyone other than for purposes of this litigation, and that such disclosure will be made as set forth in the Protective Order, and that at the conclusion of the litigation I will return all discovery information to the party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

    Dated:_____

_____
[Signature]

1