UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IGT,<br><br>                    Plaintiff,<br>  v.<br><br>HIGH 5 GAMES, LLC,<br><br>                  Defendant. | Case No. 1:17-cv-09792 (ALC) (BCM) |
| IGT,<br><br>                    Plaintiff,<br>  v.<br><br>HIGH 5 GAMES, LLC,<br><br>                  Defendant. | Case No. 1:19-cv-05752 (ALC) (BCM)<br><br>[PROPOSED] STIPULATED ORDER APPOINTING SPECIAL MASTER |

BARBARA MOSES, United States Magistrate Judge.

      In the Court's Order dated April 29, 2021 (Dkt. No. 244 in Case No. 17-CV-9792 and Dkt. No. 102 in Case No. 19-CV-5752), the Court notified the parties of its intention to appoint a special master pursuant to Fed. R. Civ. P. 53(a)(1)(A) and (C), for the purpose of resolving the parties' discovery disputes and supervising the parties' fact discovery on an ongoing basis, and it is hereby ORDERED that:

      1.    Pursuant to Fed. R. Civ. P. 53(a)(1)(C) and this Court's inherent equitable powers and authority, this Court appoints HON. THEODORE H. KATZ (Ret.) as Special Master.

      2.    Pursuant to L.R. 53.1, the Special Master shall, within five (5) days of entry of this Order, and before entering upon his duties, take and subscribe an oath, which, except as otherwise prescribed by statute or rule, shall be the same as the oath prescribed for Judges pursuant to 28

U.S.C. § 453, with the addition of the words "in conformance with the order of appointment" after the words "administer justice."

3. The Special Master's term of service will end when his duties are completed at the close of fact discovery and any extensions thereof or when the Court terminates the appointment, whichever comes first.

4. The Special Master shall proceed with all reasonable diligence to perform his duties. *See* Fed. R. Civ. P. 53(b)(2). As appropriate, the Special Master shall seek, and try to promote, the resolution of issues by agreement.

**Special Master's Duties**

5. The Special Master will resolve all fact discovery disputes between the parties, including but not limited to those disputes already raised in the parties' joint letter dated April 22, 2021 (Dkt. No. 242 in Case No. 17-CV-9792 and Dkt. No. 100 in Case No. 19-CV-5752). The Special Master may not make any rulings on substantive issues in the case.

6. Additional duties may be assigned to the Special Master by the Court in subsequent orders, upon notice to the parties and an opportunity to be heard with regard to those additional duties.

**Special Master's Authority**

7. The Special Master shall have the authority to take appropriate measures to perform his duties fairly and efficiently, and regulate all proceedings before him. *See* Fed. R. Civ. P. 53(c). The Special Master may not make any rulings on substantive issues in the case.

8. The Special Master may communicate *ex parte* with the Court. When practicable, the Special Master will give the parties advance notice of such communications. If advance notice is not practicable, the parties will be informed that an *ex parte* communication has occurred. The Special Master may not communicate *ex parte* with the parties (with the exception of communicating on scheduling matters).

9. The Special Master will preserve, as a record of his activities, all written submissions received from the parties, all written submissions sent to the parties, and any transcripts of hearings before the Special Master. The Special Master will file with the Clerk of the Court such records upon the request of any party or the Court. The Special Master must make and file a complete record of the evidence considered in making or recommending any discovery ruling. The Special Master also will file any order, report, or recommendation to the Court and promptly serve a copy on each party. Docketing any order, report, or recommendation via the CM/ECF system constitutes proper service upon all parties unless such filing contains material that is under seal. In the event that an order, report, or recommendation contains information that is under seal, service by email is required.

**Objections to Orders, Findings, or Recommendations**

10. Any party may file objections to or a motion to modify an order, report, or recommendation of the Special Master. Objections or motions shall be filed no later than 21 days after the order, report, or recommendation is filed, unless the Special Master or the Court enters an order allowing a greater period of time. Objections shall be specific and accompanied by a memorandum describing the legal and factual basis for the objection. The party filing an objection or motion must also file the relevant record if not filed by the Special Master with his order, report, or recommendation. Unless a different schedule is set by the Court, the responding party must file any written response within 14 days after the objection or motion is filed. The party filing an objection or motion may file a reply within 7 days after the objection or motion is filed.

11. The Court will decide de novo objections to finding on discovery matters made or recommended by the Special Master. The Court will modify or set aside the Special Master's decisions with respect to procedural matters only for abuse of discretion.

**Budget and Compensation**

12. The Special Master may use a law clerk or staff to assist in his work in performing his duties under the given authority.

13. The Special Master's compensation, as well as any reasonable costs and expenses incurred by the Special Master (including law clerk and staff compensation), will be borne equally by Plaintiff and Defendant, although the Special Master has the power to adjust the division of fees and costs in his discretion based on the merits of the matter before him. The fees and costs may be reallocated by the Court in its discretion at the conclusion of the case based on the law, the Federal Rules of Civil Procedure, and principles of due process and fairness. The Special Master will submit a monthly invoice to counsel, with a copy to the Court, detailing his hours and any expenses. Unless there is an objection to the invoice, which will be raised promptly with the Special Master, the parties will pay the Special Master's invoice within 60 days of receipt. The Special Master will be compensated at his customary rate of $ 800.00 per hour and a law clerk rate of $400.00 per hour, and includes the fees reflected in the attached Special Master fee schedule and cancellation policy. Objections to the Special Master's invoices, if not resolved by the Special Master and the parties, will be resolved by the Court.

14. The Special Master will be bound by the terms of any and all Orders, including Stipulated Protective Orders, entered in this case.

**Other Matters**

15. The Special Master shall enjoy the same protections from being compelled to give testimony and from liability for damages as those enjoyed by other federal judicial officers performing similar functions.

16. The Special Master will preserve records relating to his work as Special Master until relieved of this obligation by order of the Court.

17. An initial meeting before the Special Master shall take place as soon as practicable but no later than 21 days after the date of this Order.

4845-5988-5552.1

Dated: New York, New York
~~June    , 2021~~
       July 6, 2021                    **SO ORDERED.**

_____
Hon. Barbara C. Moses
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A



# General Fee Schedule
*Hon. Theodore H. Katz (Ret.)*

## PROFESSIONAL FEES
**$800 per hour**
- Other professional time (including additional hearing time, pre- and post-hearing reading and research, conference calls, and drafting orders and awards) will be billed at $800 per hour. This may include travel time.
- All travel expenses are billed at actual cost.

## ARBITRATION FEES
**Filing Fee**
$1,500 – Two Party Matter
$2,000 – Matters involving three or more parties
$1,500 – Counterclaims
- Entire Filing Fee must be paid in full to expedite the commencement of the proceedings
- A refund of $600 will be issued if the matter is withdrawn within five days of filing. After five days, the Filing Fee is non-refundable.

**Case Management Fee**
- 12% of Professional Fees
- The Case Management Fee includes access to an exclusive nationwide panel of judges, attorneys, and other ADR experts, dedicated services including all administration through the duration of the case, document handling, and use of JAMS conference facilities including after hours and on-site business support. Weekends and holidays are subject to additional charges.

## FEES FOR OTHER MATTERS
**(Discovery, Special Master, Reference, and Appraisal)**
Initial non-refundable fee of $600 per party
Plus 12% of Professional Fees

**Neutral Analysis Matters**
Contact JAMS for administrative and pricing details.

## CANCELLATION/CONTINUANCE POLICY

| | *Cancellation/Continuance Period* | *Fee* |
|---|---|---|
| 1 day or less | 30 days or more prior to hearing | 100% REFUNDABLE, except for time incurred |
| 2 days or more | 60 days or more prior to hearing | 100% REFUNDABLE, except for time incurred |
| Hearings of any length | Inside the cancellation/continuance period | NON-REFUNDABLE |

- Unused hearing time is non-refundable.
- Hearing fees, including all applicable CMF, are non-refundable if time scheduled (or a portion thereof) is cancelled or continued after the cancellation date unless the Arbitrator's time can be rescheduled with another matter. The cancellation policy exists because time reserved and later cancelled generally cannot be replaced. In all cases involving non-refundable time, the cancelling or continuing party is responsible for the fees of all parties.
- A deposit request for anticipated preparation and follow-up time will be billed to the parties. Any unused portion will be refunded.
- All fees are due and payable in advance of services rendered and by any applicable due date as stated in a hearing confirmation letter. JAMS reserves the right to cancel your hearing if fees are not paid by all parties by the applicable cancellation date and JAMS confirms the cancellation in writing.
- Receipt of payment for all fees is required prior to service of an arbitration order or award.
- For arbitrations arising out of employer-promulgated plans, the only fee that an employee may be required to pay is $400. The employer must bear the remainder of the employee's share of the Filing Fee and all Case Management Fees. Any questions or disagreements about whether a matter arises out of an employer-promulgated plan or an individually negotiated agreement or contract will be determined by JAMS, whose determination shall be final.
- For arbitrations arising out of pre-dispute arbitration clauses between companies and individual consumers, JAMS Policy on Consumer Arbitrations Pursuant to Pre-Dispute Clauses, Minimum Standards of Procedural Fairness applies. In those cases, when a consumer (as defined by those Minimum Standards) initiates arbitration against the company, the only fee required to be paid by the consumer is $250. The company must bear the remainder of the consumer's share of the Filing Fee and all Case Management Fees.
- Parties that, through mutual agreement, have held their case in abeyance for one year will be assessed an initial abeyance fee of $500, and $500 every six months thereafter. If a party refuses to pay the assessed fee, the other party or parties may opt to pay the entire fee on behalf of all parties, otherwise the matter will be closed.
- JAMS panelists may use a law clerk depending on the complexity of the case. The parties will be informed at the onset of the engagement if the neutral plans to employ a clerk. The clerk's hourly rate will be billed to the parties subject to the agreed fee split and in accordance with JAMS' policies.

JAMS agreement to render services is with the attorney, the party, and/or other representatives of the party.

**Atlanta • Boston • Chicago • Dallas • Detroit • Miami • Minneapolis • New York • Philadelphia • Washington**
www.jamsadr.com • Updated 05/01/2019