USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: July 28, 2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IGT,

                                   Plaintiff,

-against-

HIGH 5 GAMES, LLC,

                                   Defendant.

17-CV-9792 (ALC) (BCM)
19-CV-5752 (ALC) (BCM)

**MEMORANDUM AND ORDER**

**ANDREW L. CARTER, JR., District Judge:**

       Pending before the Court is Plaintiff IGT's motion for judgment on the pleadings on High 5 Games, LLC's ("H5G") first counterclaim for breach of contract, filed in 19 CV 5752 ("IGT II") on August 13, 2019. For the foregoing reasons, Plaintiff's motion is denied.

## BACKGROUND and PROCEDURAL HISTORY

       Plaintiff commenced this action against H5G on December 14, 2017, alleging trademark infringement, unfair competition, and breach of the parties' 2016 settlement agreement based on the unauthorized use of IGT's GOLDEN GODDESS and CATS trademarks by H5G. *See* ECF No. 1, 17 CV 9792. Plaintiff filed its first amended complaint on January 31, 2018, adding claims alleging the unauthorized use of H5G's DA VINCI DIAMONDS trademark as well as a claim for copyright infringement. (ECF No. 56.) Finally, Plaintiff filed a second amended complaint on July 23, 2019, adding claims alleging the unauthorized use of over 100 IGT trademarks by H5G. (ECF No. 147.)

       On June 19, 2019, Plaintiff commenced a second action ("IGT II"), alleging new claims regarding the unauthorized use of IGT's DA VINCI DIAMONDS AND TUMBLING REELS trademark by H5G. (ECF No. 1.)

H5G answered the amended complaint in IGT I on June 29, 2018 (ECF No. 115) and the second amended complaint on August 13, 2019. (ECF No. 149.) In its answer, H5G brought a counterclaim against IGT for breach of the 2016 settlement agreement. H5G answered IGT's complaint in IGT II on January 6, 2020, also asserting a counterclaim.

On October 26, 2020, IGT moved for judgment on the pleadings of H5G's first counterclaim. (ECF No. 62, 199.) H5G responded on November 19, 2020, and IGT replied on December 1, 2020. (ECF Nos. 68, 208, 71, 211.) The Court considers the motion fully briefed.

## I.     STANDARD OF REVIEW

A Rule 12(c) motion may be granted "where the material facts are undisputed and where judgment on the merits is possible merely by considering the contents of the pleadings." *Sellers v. M.C. Floor Crafters, Inc.*, 842 F.2d 639, 642 (2d Cir. 1988) (citations omitted). Rule 12(c) motions for judgment on the pleadings "are subject to the same standards applicable to Rule 12(b)(6) motions to dismiss." *Mraz v. JP Morgan Chase Bank, N.A.*, No. 17 CV 6380, 2019 WL 1471100 at *2, (E.D.N.Y. Apr. 3, 2019) (citing *Hogan v. Fischer,* 738 F.3d 509, 515 (2d Cir. 2013)). On a motion to dismiss under Rule 12(b)(6), the Court must "consider the legal sufficiency of the complaint, taking its factual allegations to be true and drawing all reasonable inferences in the plaintiff's favor." *Harris v. Mills*, 572 F.3d 66, 71 (2d Cir. 2009). To survive a motion to dismiss, a plaintiff must allege sufficient facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While the Court is obliged to accept as true all well-pleaded factual allegations in the complaint, and draw reasonable inferences in the plaintiff's favor, it need not accept legal conclusions or threadbare recitations of the elements of a cause of action. *Mills*, 572 F.3d at 72.

In deciding a 12(c) motion, a court "may consider the complaint, the answer, any written documents attached to them, and any matter of which the court can take judicial notice for the factual background of the case." *See Meyers v. City of N.Y.*, 812 F. App'x 11, 13 (2d Cir. 2020); *Clain v. Int'l Steel Grp.*, No. 04 CV 173, 2005 WL 273015, at *2, (S.D.N.Y. Jan. 31, 2005) ("When considering a motion to dismiss, a court may take judicial notice of the orders of another court."). "If a document relied on in the complaint contradicts allegations in the complaint, the document, not the allegations, control, and the court need not accept the allegations in the complaint as true." *Lombardo v. Seuss Enters., L.P.*, No. 16 CV 9974, 2017 WL 1378413, at *5 (S.D.N.Y. Apr. 7, 2017) (quotation marks and citations omitted); accord *Ricatto v. M3 Innovations Unlimited, Inc.*, No. 18 CV 8404, 2019 WL 6681558 at *3-4 (S.D.N.Y. Dec. 6, 2019) (same on Rule 12(c) motion).

    i.    **Duplicative Counterclaim**

IGT alleges that H5G's original breach of contract counterclaim in IGT I is duplicative of its later breach of contract counterclaim in IGT II as they are both based on the same factual predicate that IGT breached the settlement agreement by withholding its approval of H5G's use of IGT's trademarks. Pl.'s Mem. of Law at 5. IGT further alleges that to the extent that H5G alleges new facts, they restate and relate back to allegations that were already pled in H5G's original counterclaim. *Id.* at 7–9.

The Court disagrees. Plaintiff's original counterclaim in IGT I is not duplicative of its later counterclaim in IGT II. Duplicative claims are those that arise from the same facts and allege the same damages. *Myers Indus. v. Schoeller Arca Sys., Inc.*, 171 F. Supp. 3d 107, 122 (S.D.N.Y. 2016). Generally, duplicative claims should be dismissed when they are based on identical conduct and seek the same relief. *Sands Harb. Marina Corp. v. Wells Fargo Ins. Servs. of Or., Inc.*, 156 F. Supp. 3d 348, 362 (E.D.N.Y. 2016); *LG Capital Funding, LLC v. Wowio, Inc.*, No. 16 CV 6632,

2018 WL 3202077, at *9 (Apr. 24, 2018), adopted by 2018 WL 2224991 (E.D.N.Y. May 15, 2018) (dismissing unjust enrichment claim that was duplicative of breach of contract claim); *see also Ainbinder v. Money Ctr. Fin. Grp., Inc.*, No. 10 CV 5270, 2013 WL 1335997, at *9 (Feb. 28, 2013), adopted by 2013 WL 1335893 (E.D.N.Y. Mar. 25, 2013) (finding conversion and breach of contract claims duplicative and collecting cases); *Bd. of Trs. of IBEW Local 43 Elec. Contractors Health & Welfare & Pension Funds v. D'Arcangelo & Co.*, No. 12 CV 1251, 2012 WL 6681765, at *2 (N.D.N.Y. Dec. 21, 2012) ("Where, as here, separately pleaded claims are based upon the same operative facts and do not allege distinct damages, the duplicative claims should be dismissed.").

While H5G's counterclaim in IGT I and IGT II are both based on the underlying breach of the settlement agreement, Defendant's counterclaim in IGT II provides separate facts in relation to their alleged unauthorized use of the DA DIAMONDS BY DA VINCI game on a different platform than what is asserted in the 2017 action. *See* IGT II, ECF No. 45 at ¶¶ 94-100, 106-109. Additionally, if the Court credited IGT's argument, IGT would be able to bring multiple actions based on different trademarks whilst foreclosing any counterclaim from H5G. Moreover, the Court cannot credit IGT's argument that these facts were pled in the original counterclaim simply because Defendant made references to the 2019 action in its 2017 counterclaim. On the face of the 2017 counterclaim, there is little mention of the DA DIAMONDS BY DA VINCI game. Additionally, the Court declines to make any determination on the merits of the H5G's counterclaim.

## CONCLUSION

For the aforementioned reasons, the Court denies IGT's motion for judgment on the pleadings of plaintiff's first counterclaim for breach of contract in the 2019 action. (ECF No. 62, 199.)

**SO ORDERED.**

**Dated:** July 28, 2021
  New York, New York

　　　　　　　　　　　　　　　　　　　　　　**ANDREW L. CARTER, JR.**
　　　　　　　　　　　　　　　　　　　　　　**United States District Judge**